# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:06CR13-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHADMIKO JAVON STALEY, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard on July 7, 2006 upon a motion filed by the defendant entitled, "Motion to Reconsider Detention Order" and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Claire J. Rauscher, and that the Government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered by the defendant and the evidence offered by the Government and the records in this cause, the undersigned makes the following findings:

**Findings**: In a bill of indictment filed on March 1, 2006 the defendant was charged with conspiring to possess with intent to distribute crack cocaine in violation of Title 21 U.S.C. § 846 and 841(b)(1)(A). A detention hearing was held for the defendant and on March 23, 2006 the undersigned entered an order of detention detaining the defendant pending trial. The findings of the undersigned in that written order are incorporated herein by reference as if fully set forth herein.

On July 6, 2006, the defendant filed a "Motion to Reconsider Detention Order". In

the motion, the defendant alleges that changed circumstances now exist that would warrant a reconsideration of the detention order. In support of that motion, the defendant alleged in the motion that his aunt and uncle have secured employment for him and they are willing to allow him to live with them and to monitor his conduct. The defendant has further alleged that his counsel has reviewed discovery and did not find any mention of facts that were presented at the detention hearing and relied upon by this court in entering the order of detention. The defendant has further alleged that he signed a written plea agreement and admitted his offenses and that he is remorseful.  .

Evidence was presented by the defendant through proffer that his aunt and uncle are willing to allow the defendant to reside with them and to act as third-party custodians for the defendant. The defendant further presented evidence through Mr. Charles Moore. Mr. Moore testified that he owns and operates a body shop in Rutherford County, North Carolina and that he would be glad to allow the defendant to work in his body shop. Upon cross-examination, Mr. Moore admitted that he was presently charged with possession of a stolen firearm in Rutherford County. The court takes judicial notice that such a charge is a felony.

The Government presented as evidence the Pretrial Services Report and also evidence through Ed Winslow, a detective and Deputy Sheriff with the Rutherford County Sheriff's Office. Officer Winslow testified that the defendant and other associates of the defendant had, in the past, sat in chairs, either in or near the yard of Mr. Moore's previous place of business located at Wilkes Street and Bridges Drive in Rutherfordton, North Carolina. From

that location the defendant and his associates would sell controlled substances. Officer Winslow further testified that the defendant claimed to be a member of the "Crips" gang and that the defendant had been found to have a blue bandana in his possession signifying his membership in this criminal organization. Upon questioning by the defense counsel as to why information regarding the defendant being involved in an armed robbery on December 27, 2005 and other information had not been placed in the open file held by the Government for discovery purposes of the defendant, Officer Winslow testified that another officer had not placed this information in the file.

**Discussion**. The undersigned has reviewed and reconsidered the order entered on March 23, 2006 and has also sought to determine whether or not there has been a sufficient change of circumstances that would warrant a release of the defendant. The undersigned, in doing so, has considered the factors as set forth under 18 U.S.C. § 3142(g). In reconsidering those factors the undersigned has found the following:

(g)(1) The nature and circumstances of the offense charged show that the offense charged against the defendant involves a narcotic drug;

(g)(2) The weight of the evidence against the defendant appears to be strong and significant.

(g)(3) It appears that the defendant has family ties and a length of residence in the community and had a record of employment at fast food establishments. The defendant's criminal record relating to drug or alcohol abuse shows that the defendant was convicted on

June 8, 2005 of possession with intent to sell and deliver cocaine and maintaining a vehicle for the purpose of keeping a controlled substance. Those convictions concern matters that are alleged to have occurred on different dates, that being December 15, 2003 and December 31, 2003. The defendant's criminal history shows that the defendant has been convicted on five separate occasions of driving while license revoked. The defendant was convicted of misdemeanor larceny in an event that occurred on February 26, 2003 and on January 4, 2005 the defendant was convicted of the crime of fleeing to elude arrest which is a felony in North Carolina. A further examination of the defendant's record shows that the defendant has been convicted of eleven separate misdemeanors, two felonies and has failed to appear on two occasions. During the period of time alleged in the bill of indictment, that being from January 2003 to the date of the filing of the bill of indictment, that being March 1, 2006, the defendant was on probation. He was placed on unsupervised probation on April 8, 2003 for the crime of failing to give aid to a person who had suffered personal injury. He had been placed on unsupervised probation from a charge of misdemeanor larceny that allegedly occurred on April 26, 2003. The defendant was placed on supervised probation on October 21, 2003 for two charged of driving while license revoked and that probation had been revoked on April 4, 2005. Later, on November 2, 2004 the defendant was again placed on probation for two counts of driving while license revoked and maintaining a vehicle for the purpose of keeping a controlled substance and was further placed on probation for the crime of possession with intent to sell and deliver cocaine. As a result, the defendant was on

probation during a significant period alleged in the bill of indictment.

(g)(4) There has further been shown that there is a danger to any other person or the community that would be posed by the defendant's release. This defendant has been described by Officer Winslow as a person who is involved in an organization that promotes criminal activity, that being the "Crips". Officer Winslow has previously testified in March, 2006 and further upon questioning by the undersigned at this hearing, testified that on December 27, 2005 the defendant was involved in an incident where he participated in an armed robbery of a person when that person would not pay for controlled substances that had been previously sold to him.

The undersigned has considered the factors that the defendant has alleged create a changed set of circumstances. The undersigned does not consider that the evidence shown by the defendant in support of a changed set of circumstances is sufficient to warrant releasing the defendant on terms and conditions of pretrial release. This court finds from the creditable testimony and the evidence submitted that there is clear and convincing evidence that the release of the defendant would create a danger to any other person or the community.

**ORDER**

IT IS, THEREFORE **ORDERED**:

1. That the motion of the defendant entitled, "Motion to Reconsider Detention Order" is **ALLOWED**.

2. That having reconsidered the order of detention, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: July 18, 2006

Dennis L. Howell
United States Magistrate Judge